UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUL 2 4 2013
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| EDDIE L. DAVIS, | ) 4:13CR00307HEA ) |
| Defendant. | ) |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

At all times relevant to this Information:

1. EDDIE L. DAVIS ("DAVIS"), the defendant herein, resided in the Eastern District of Missouri.

2. DAVIS owned, operated, and controlled a retail business located at 5958 Natural Bridge, St. Louis, Missouri 63120. This business operated under the name "Davistek."

3. DAVIS sold and distributed, and offered for sale and distribution, counterfeit and bootleg copies of movies and music at his business located at 5958 Natural Bridge. DAVIS maintained equipment and material at his business which he used and caused to be used to create, copy, and duplicate counterfeit and bootleg copies of movie DVDs and music CDs which he then distributed. This equipment and material included equipment for making multiple, simultaneous copies of movie DVDs and music CDs.

4. Between on or about January 16, 2013, and on or about May 2, 2013, DAVIS possessed, controlled, and maintained more than 15,000 copies of counterfeit and bootleg movie

DVDs and counterfeit and bootleg music CDs, including copies of movies that had not yet been released for sale in DVD format. During this time, DAVIS charged customers approximately $2.50 for each counterfeit movie DVD and music CD that was sold at Davistek.

5. On or about May 2, 2013, within the Eastern District of Missouri,

**EDDIE L. DAVIS,**

the defendant herein, during any 180-day period, did willfully and for the purpose of private financial gain infringe the copyright of one or more copyrighted works; to wit, by reproducing and distributing, and offering for distribution, at least ten (10) copies of copyrighted works, including DVD copies of movies, the copyrighted works having a total retail value of more than $2,500.

In violation of Title 17, United States Code, Section 506(a)(1)(A) and Title 18, United States Code, Sections 2319(b)(1) and 2.

## FORFEITURE ALLEGATION

The Grand Jury further alleges that:

1. Pursuant to Title 18, United States Code, Section 2323, upon conviction of an offense in violation of Title 17, United States Code, Section 506(a)(1) or Title 18, United States Code, Section 2319 as set forth in Count One, the defendant shall forfeit to the United States of America any article, the making or trafficking of which is prohibited by Title 18, United States Code, Section 2323(a)(1)(A), any property used, or intended to be used, in any manner or part to commit or facilitate the commission of said offense, and any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of said offense.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

3. Specific property subject to forfeiture includes, but is not limited to, the following:

    a. One A Card Technology Pro 6-drive DVD/CD duplicator;

    b. One A Card Technology 6-drive DVD/CD duplicator;

    c. One A Card Technology 4-drive DVD/CD duplicator;

    d. One no-name 8-drive DVD/CD duplicator;

    e. One Dell Latitude D820 laptop computer;

    f. One Dell Latitude D630 laptop computer;

    g. One Toshiba Satellite L25-S1216 laptop;

    h. One Dell computer tower, model DMC;

    i. One Dell computer tower;

    j. One eMachine computer tower, model T3395;

    k. One black external hard drive, part no. WD4000-ME-01;

    l. One black Seagate external hard drive;

    m. 6,564 counterfeit movie DVDs;

    n. 9,045 counterfeit music CDs;

    o. 467 blank DVD-Rs;

    p. 744 blank CD-Rs;

    q. 1,400 empty CD/DVD sleeves; and

    r. 30 pairs of counterfeit sunglasses.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                               A TRUE BILL.

                                               _____

                                               FOREPERSON

RICHARD G. CALLAHAN  
United States Attorney


_____  
JOHN M. BODENHAUSEN, #49568MO  
Assistant United States Attorney